FILED'11 JAN 26 14:48USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TERRY LEE BARKER,

        Plaintiff,        Civil No. 10-0093-AA

    v.                      ORDER

BRIAN BELLEQUE, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections incarcerated at the Oregon State Penitentiary filed a complaint under 42 U.S.C. sec. 1983 alleging defendants violated his rights under the Eighth Amendment by denying him adequate medical treatment.

    Defendant move to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12B on the ground that plaintiff failed to properly exhaust administrative remedies with respect to his claims. Motion to Dismiss (#18).

    The relevant facts are as follows:

    On September 19, 2008, plaintiff sent a kyte to the

1 - ORDER

prison infirmary requesting medical assistance for severe constipation. Petitioner was subsequently treated by Dr. George Degner over the course of several visits to the infirmary with the "usual remedies" of stool softeners, laxatives, suppositories and enemas. Complaint (#2) p. 5. When "all attempts to remedy plaintiff's medical problems had failed he was scheduled for a blood test and X-rays (which) also failed to produce any helpful clues to his problem." Id. Dr. Degner allegedly told plaintiff that he was "fucked" and that he was "on the list" for a colonoscopy. Id.

On March 13, 2008, plaintiff was seen by Dr. John Vargo who agreed to supply plaintiff with mineral oil and fruit juices and to accommodate plaintiff's request to be put on a liquid diet.

On March 21, 2008, plaintiff sent a kyte to Dr. Vargo stating:

> THIS IS AN EMERGRENCY!!!
> I have been constipated for over 5 weeks. The mineral oil &/or laxatives that you agreed to prescribe for me on the 13th have not arrived! Not to mention the fruit juices &/or dietary supplement like "ENSURE." I am in constant pain with severe bloating & cramps. I think I may have a bladder &/or kidney infection as complications related to constipation. I need to go to the hospital now before irreparable damage occurs. I will not survive a long waiting list.

Plaintiff's Response (#34) Exhibit 101.

On March 31, 2008, plaintiff filed a grievance which stated:

> I have been constipated for 6 1/2 wks. I have been to the infirmary several times but they have not

2 - ORDER

> taken me downtown for an MRI or a colonoscopy. I can only eat a little tiny bit at a time or I get severe cramps & bloating. I've lost at least 20 lbs. I have no energy. I feel aches and pains radiating all over as a result of my intestinal blockage. 4 kytes available for inspection.
>
> * * *
>
> I have sent a kyte to Capt. Duren - attached & I have taken every laxative, suppository, enema, X-ray, blood test, etc.
>
> * * *
>
> Just arrange to take me to the hospital before I bust a gut and literally die form peritonitis (sic).

Plaintiff's Response (#34) Exhibit 102; Affidavit of Jacob Humphreys (#20) Attachment 3, p. 2.

On April 2, 2008 Grievance Coordinator A. Bales denied and returned plaintiff's grievance "without processing" because it was "submitted out of acceptable time frame." Plaintiff's Response (#43) Exhibit 105; Affidavit of Jacob Humphreys (#20) Attachment 3, p. 1. "Per Grievance Rule, 'if the grievance is not an emergency as defined in the definition section of this rule, this form must be filled out within 30 working days of the incident. Appeals must be filed within 14 calendar days of the date of the receipt.'" Id.

On April 4, 2008, plaintiff filed an appeal as follows:

> First of all - I believe this is the wrong form but this is all they have in the office. I filed a G-form on 3-31-08; medical kind. It was denied because of a "30 day" rule. However, I consider this issue an emergency and it seems blatantly unfair to deny someone who did not actually have an "incident" per se, to begin with. My problem with medical staff was not realized on day one, therefore the clock cannot begin to tick

3 - ORDER

>until difficulty does arise. A full month may have transpired before this situation became a matter of life and death. The date on the kyte attached is 3-21-2k8. (sic) That was not 30 days ago. I need medical attention now and I may expire before you iron out the technicalities.

Plaintiff's Response (#43) Exhibit 103a.

On April 10, 2008, Grievance Coordinator A. Bales denied and returned the appeal "without processing" on the grounds: 1.) "Grievance or grievance appeal submitted on wrong form. Should use form: CD 117C;" and 2.) "Grievance appeals must be submitted with copies of original grievance and staff responses attached." Plaintiff's Response (#32) Exhibit 103; Affidavit of Jacob Humphreys (#20) Attachment 3, p. 3. The response referred to plaintiff grievance as "Non-Medical" Id.

The Prison Litigation Reform Act (PLRA) provides: No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S. C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 531-32; Booth v. Churner, 532 U.S. 731 (2001). In the Ninth Circuit, inmates are required to exhaust **all** grievance remedies **prior** to filing a 1983 action, including appealing the grievance decision to the highest level within the grievance system. Bennet v. King, 293 F.3d 1096, 1098 (9th Cir. 2002); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). In Woodford, et al. v. Ngo, 126 S.Ct. 2378, 2006 U.S. Lexis 4891 (June 22, 2006), the Supreme Court held that

4 - ORDER

failure to comply with all important procedural aspects of an institution's grievance system bars subsequent civil rights litigation.

The Ninth Circuit Court of Appeals has held that failure to exhaust non-judicial remedies is not jurisdictional and should be treated as a matter in abatement. Thus, the proper procedural mechanism for adjudicating the existence or absence of exhaustion of non-judicial remedies is an "unenumerated Rule 12(b) motion" rather than a motion for summary judgment. In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F. F.2d 365, 368 (9th Cir. 1988 (per curiam). If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. <u>Waytt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003).

The Oregon Administrative Rules prescribe a three-step grievance process that must be properly and timely completed in order for an inmate's grievances to be effectively exhausted. First, inmates are encouraged to communicate with line staff verbally or in writing as their primary means of resolving disputes prior to filing grievances. *See*, Affidavit of Jacob Humphreys (#20), p. 2; Att. 2, OAR 291-109-0120. If face-to-face or written communication does not resolve the dispute, the inmate may file a grievance by using form CD 117.

5 - ORDER

*Id.* at OAR 291-109-0140(1)(a). Grievances must be filed within thirty (30) calendar days of the incident or conflict. *Id.* at OAR 291-109-0150(2). The inmate must include a complete description of the incident, action, or application of the rule being grieved. The inmate is encouraged to also include supporting attachments, if said attachments are referenced in the grievance. *Id.* at OAR 291-109-0140(1)(b). An inmate may request review of just one matter, action or incident per grievance form. *See*, Affidavit of Jacob Humphreys (#20), Att. 2, OAR 291-109-0140(1)(d).

An inmate may file an appeal to the initial grievance response to the functional unit manager. To do this, the inmate must complete a Grievance Appeal Form (CD-117c) and file it with the grievance coordinator within 14 calendar days of transmission of the contested response. *Id* at OAR 291-109-0170(1)(a-b). Following this first appeal, an inmate may then appeal the decision made by the functional unit manager to the Assistant Director by completing Grievance Appeal form (CD-117c) and filing it with the grievance coordinator within 14 calendar days of transmission of the response. *Id.* at OAR 291-109-0170(2)(a-c). The assistant director's decision is final and is not subject to further review. OAR 291-109-0170(2)(d). It is only at this point that an inmate has exhausted his administrative remedies. Declaration of Billie Edison (#21) Exhibit 1, p. 3 [J. Moseman's Order to Dismiss in <u>Mosley v. Nooth</u>, Civ. No. 09-297-MO dated Ap. 27, 2010].

6 - ORDER

Defendants contend: "Plaintiff has attempted to file only one grievance and one appeal. See *Affidavit of Jacob Humphreys*, Att. 3. The initial grievance was returned for being filed outside of the acceptable time frame under the Grievance Rule. *Id*. The attempted appeal was returned because Plaintiff used the incorrect form and did not follow standard grievance procedure. *Id*. Accordingly, Plaintiff did not properly exhaust his administrative remedies. Memorandum of Law (#19) p. 2.

The policies behind the PLRA exhaustion of administrative remedies requirement are to: (1) afford corrections officials time and opportunity to address complaints internally before the initiation of lawsuits, and (2) reduce the quantity, and improve the quality, of prison litigation. Nunez v. Duncan, 591 F.3d 1217, 1225 (9th Cir. 2010) (*citing* Woodford v. Ngo, 548 U.S. 81, 114 (2006).

When a plaintiff takes reasonable and appropriate steps to exhaust his administrative remedies and is precluded from doing so not through his own fault but by prison official's mistake or other conduct, the failure to exhaust is excused. Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

In this case, the record reflects that plaintiff's good faith effort to afford OSP officials the opportunity to remedy his claim by utilizing the prison grievance system was stymied by defendants' unreasonable interpretation and hyper-technical application of the grievance rules.

7 - ORDER

Plaintiff's March 31, 2008 grievance was denied and returned without processing on the ground it was "submitted out of the acceptable time frame," specifically, allegedly not "within 30 days of the incident."

Plaintiff was grieving the lack of treatment for an ongoing medical condition. Although plaintiff alleged that he has been constipated for 6 1/2 weeks, no specific "incident date" was alleged. Plaintiff's grievance referenced an attached kyte. A reasonable construction of plaintiff's grievance was that his complaint was based on the lack of response to his attached kyte submitted on March 21, 2008, or the failure to provide the mineral oils and laxatives prescribed on March 13, 2008. Either March 13 or March 21 are logical "incident dates." There is no clear alleged incident date outside of the 30 days limitations period.

The refusal to "process" plaintiff's grievance as "out of the acceptable time frame" was not justified or appropriate - especially in view of the allegations in plaintiff's grievance and attached kyte.

On April 4, 2008, plaintiff filed a grievance appeal. Plaintiff acknowledged on the form that he believed it was "the wrong form" but that it was "all they have in the office." As noted above, the appeal was returned without processing because it was submitted on the wrong form and did not include a copy of the initial grievance and staff response.

8 - ORDER

OAR 291-109-0150(5) requires functional unit managers or their designees to "ensure the approved inmate grievance forms are readily available to inmates in DOC correctional facilities."

In this case, plaintiff acknowledged on the form that it was not the proper form but explained that the proper form was not available to him. Furthermore plaintiff stated in his declaration that the proper appeal form was not available to him. Plaintiff's Response (#34), Attachment 1, p. 1. Defendants have not established that the forms necessary to properly appeal the grievance were made available to him. Under these circumstances, I find that the failure to process plaintiff's appeal because it was not on the proper form was unreasonable.

The appeal was denied on the additional ground that it did not have a copy of the original grievance and staff response attached. However, the appeal referred to the "G-form" by date and indicated the staff response ["it was denied because of the 30-day rule"]. The appeal also attached a copy of the March 21, 2008 "kyte" to Dr. Vargo summarizing the substance of his complaint. See, Plaintiff's Response (#34). Thus, although plaintiff's April 4, 2008, appeal may have been technically deficient, I find that plaintiff submitted sufficient information to the Grievance Coordinator to enable him to process the appeal and that he should have done so.

I find that under the circumstances of this case,

9 - ORDER

plaintiff's administrative remedies were "effectively unavailable," *Nunez*, at 1226. Therefore, his failure to exhaust the grievance process does not preclude the present action. Defendants' Motion to Dismiss (#18) is denied.

IT IS SO ORDERED

DATED this 26 day of January, 2011.

*Ann Aiken*
Ann Aiken
United State District Judge

10 - ORDER